**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Caleb GOURNEAU, Defendant–Appellant.**

No. 03–30009.

D.C. No. CR–02–00050–SEH.

United States Court of Appeals, Ninth Circuit.

Submitted July 21, 2003.*

Decided July 28, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before LEAVY, HAWKINS and RAWLINSON, Circuit Judges.

### MEMORANDUM**

Appellant Caleb Gourneau appeals his 30–month sentence imposed by the district court following his guilty plea to distributing approximately 3.5 grams of methamphetamine within a public housing facility, in violation of 21 U.S.C. §§ 841(a)(1) and 860(a). We have jurisdiction pursuant to 18 U.S.C. 3742(a), and we vacate and remand.

Gourneau contends that the district court used unreliable evidence in determining the drug amount attributable to him for sentencing purposes when it relied on statements in the presentence report by James Bush and an unidentified cooperating witness. We agree. *See United States v. Egge,* 223 F.3d 1128, 1132 (9th Cir.2000) (stating that hearsay evidence considered at sentencing must possess "sufficient indicia of reliability to support its probable accuracy," and therefore must be supported by "extrinsic corroborating evidence"); *see also United States v. Garcia–Sanchez,* 189 F.3d at 1143, 1149 (9th Cir.1999) (stating that the district court has "an independent obligation to ensure that the sentence [i]s supported by sufficient reliable evidence"); *United States v. Kerr,* 876 F.2d 1440, 1446 (9th Cir.1989) ("The mere statements of an anonymous informant, standing alone, do not bear sufficient indicia of reliability to support a finding of fact by even a preponderance of the evidence.").

Accordingly, we vacate the district court's finding regarding the amount of narcotics attributable to Gourneau, and remand for further proceedings not inconsistent with this opinion.

**VACATED AND REMANDED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.